UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

RADAMES MONTES, :

                     Petitioner, :  **REPORT AND RECOMMENDATION TO HON. LAURA T. SWAIN**

   -against- :

                                00 Civ. 8934 (LTS)(FM)

CHARLES GREINER, Superintendent, :

                    Respondent. :

-----------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge

I.    Introduction

        In this pro se habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254, petitioner Radames Montes ("Montes") challenges his conviction on one count of Robbery in the Second Degree.[1] Montes entered a plea of guilty to this charge and was sentenced, as a second violent felony offender, to an indeterminate prison sentence of five to ten years. Montes now claims that he was deprived of the effective assistance of counsel, in violation of the Sixth Amendment, in connection with his guilty plea. For the reasons that follow, I recommend that his petition be denied.

---

     [1]    This is one of two habeas petitions that Montes has filed with this Court. In the other proceeding, Montes contends that the police lacked reasonable suspicion to detain and arrest him on unrelated felony charges. On August 18, 2005, I recommended to Judge Casey that the other petition be denied. See Montes v. Greiner, No. 02 Civ. 6117 (RCC) (FM), 2005 WL 2291170 (S.D.N.Y. Aug. 18, 2005). The Reports and Recommendations in both of Montes' cases were prepared with the assistance of Jillian Krell, a student at the University of Pennsylvania School of Law who served as a legal intern in my Chambers last summer.

II.   Relevant Facts and Procedural History

   A.   Charges and Guilty Plea

In 1995, Montes was indicted in New York County on charges of Robbery in the First Degree, Grand Larceny in the Fourth Degree, and Criminal Possession of Stolen Property in the Fifth Degree. These charges arose out of an incident on September 17, 1995, during which Montes allegedly forcibly stole twenty dollars from Alberto Valbueno while displaying what appeared to be a firearm. (See Decl. of Brian M. Stettin, Esq., dated Mar. 22, 2001 ("Stettin Decl."), ¶ 4 & Ex. A).

On March 22, 1996, after a failed attempt the day before, Montes offered, through his counsel, Philip Rauch, Esq., to enter a plea of guilty before Justice Carol Berkman to one count of Robbery in the First Degree, on the understanding that he would be sentenced, as a violent predicate felony offender, to an indeterminate sentence of five to ten years. (Id. Ex. B at 2, 4). Thereafter, the following allocution occurred:

> THE COURT: Mr. Montes, on September 17 of 1995, did you forcibly steal property from Alberto Balpeno [sic] by displaying what appeared to be a firearm?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did you have a real gun or you –
>
> THE DEFENDANT: No.
>
> THE COURT: – stuck your hand in your pocket?

THE DEFENDANT: Yeah.

(Id. at 2). Since Montes contended (with some prompting from the court) that there was no actual firearm, Justice Berkman directed that the plea be entered to the crime of Robbery in the Second Degree, to which Mr. Rauch responded, "So be it, Judge."[2] (Id.; Montes' Br. at 2).

In the course of the allocution, Justice Berkman also confirmed that Montes had three prior felony convictions on charges of Robbery in the First Degree which Montes was not challenging on constitutional grounds. (Stettin Decl. Ex. B at 3-4). She explained to Montes that his resulting status as a violent predicate felony offender required that she impose a minimum sentence of four to eight years, but that "the People [would not] permit[] a plea down unless I promise that your sentence will be five to ten, so that's what I'm promising." (Id. at 4). She also noted that Montes would face a mandatory minimum sentence of six to twelve years if he were convicted of first degree robbery after a trial. (Id.). When Justice Berkman asked Montes whether he understood the offer and the consequences of pleading guilty, he acknowledged that he did. (Id. at 3-5).

---

[2] In his petition, Montes complains that Mr. Rauch failed to discuss with him the second degree robbery charge to which he pleaded guilty. (See Pet. ¶ 5.A). Interestingly, however, Montes never expressly states that his attorney had failed to discuss with him the first degree charge to which he originally proposed to plead guilty. Since the sentence that Montes had agreed to remained unchanged, it seems clear that Montes suffered no prejudice as a result of Justice Berkman's decision to record the plea as having been entered to a lesser charge.

B.  Sentencing

Montes' sentencing took place before Justice Berkman on April 3, 1996. (Id. Ex. C). At the outset of that proceeding, although Mr. Rauch indicated that Montes was ready to proceed, the Justice expressed concern that Montes evidently had denied his guilt in a statement to the Probation Department. (Id. at 2). In response, Mr. Rauch confirmed that his client did not want to withdraw his guilty plea. (Id. at 2-3). As previously agreed, Justice Berkman then sentenced Montes to five to ten years in prison, and reminded Mr. Rauch to advise Montes of his right to appeal. (Id. at 3). Mr. Rauch responded, "I have advised him of his right to appeal. (Id.).

Notwithstanding his present claims, Montes was given two opportunities to address the court on April 3rd before sentence was imposed. (Id. at 2-3). At that time, Montes did not profess his innocence or seek to withdraw his plea. (Id.). Instead, he told the Court, "I am ready for sentence." (Id. at 3).

Montes is serving his sentence at the Auburn Correctional Facility. (See http://nysdocslookup.docs.state.ny.us/kinqw00) (last visited Nov. 28, 2005).[3]

C.  Subsequent State Proceedings

On July 1, 1996, Montes filed a pro se notice of appeal, along with a motion for an extension of time in which to appeal. (Stettin Decl. ¶¶ 6, 8 & Ex. D). In his

---

[3]  The New York State Department of Correctional Services maintains an inmate locator at this site. Information concerning Montes may be obtained using his identifying information.

motion, Montes alleged that Mr. Rauch had given him the impression that he would file a notice of appeal. (Id. Ex. D). The Appellate Division, First Department, granted Montes leave to appeal as a poor person on September 5, 1996. (Id. ¶ 6). Thereafter, in March 1999, Moira Casey, Esq., submitted a brief for Montes, in which she contended that his conviction should be reversed and a new trial ordered because he had been denied the effective assistance of counsel. (Id. ¶ 7). Specifically, Montes' brief alleged that his attorney had failed to: (1) clarify the exact charge to which he was pleading guilty; (2) seek a shorter sentence because Montes was HIV-positive; (3) determine whether Montes wished to withdraw his guilty plea after Justice Berkman noted that he had denied his guilt during his Probation Department interview; and (4) pay adequate attention to the case. (Id.).

On October 12, 1999, the Appellate Division affirmed Montes' conviction. (See id. ¶ 8 & Ex. F). In its decision, the court noted that several of Montes' assertions were not supported by the record and would therefore have to be presented by means of a motion to vacate his judgment of conviction pursuant to Section 440.10 of the New York Criminal Procedure Law. (Id. Ex. F.). The court further observed: "On the existing record, we find that [Montes] received meaningful representation in connection with his plea and sentence." (Id.).

On January 14, 2000, the New York Court of Appeals summarily denied Montes' application for leave to appeal. (See id. Ex. H).

D. <u>Habeas Petition</u>

Montes' habeas petition is dated October 24, 2000, and was received by the Pro Se Office of this Court on November 3, 2000. (<u>Id.</u> Ex. I). The petition is therefore timely. <u>See</u> 28 U.S.C. § 2244(d)(1).

On January 5, 2004, I issued a Report and Recommendation, in which I noted that several of Montes' ineffective assistance claims were unexhausted. I recommended that Montes be required to exhaust those claims or withdraw them before the Court considered his entitlement to habeas relief. <u>Montes v. Greiner</u>, 00 Civ. 8934 (LTS) (FM), 2004 WL 226148 at *2 (S.D.N.Y. Jan. 5, 2004). Your Honor adopted that Report and Recommendation on February 6, 2004. (<u>See</u> Docket No. 16).

After several requests for extensions of time, Montes has indicated that he wishes to restrict his petition to the claims that he previously exhausted in state court and withdraw the remaining claims. (<u>See</u> letter from Montes to the Court, dated Dec. 15, 2004) (undocketed.). There are only two such claims in Montes' petition. First, Montes argues that he received ineffective assistance of counsel because Mr. Rauch failed to inform Justice Berkman of his HIV status in an effort to obtain a more lenient sentence. Second, Montes contends that Mr. Rauch was ineffective because he failed to ascertain whether he wished to withdraw his guilty plea after Justice Berkman noted that he had denied his guilt during his presentence interview. (See Petition ¶ 12.A; Montes' Appeal Br. at 9-10).

III.    Discussion

   A.   Standard of Review

A habeas corpus petition is not a vehicle to relitigate every issue previously determined in state court. Herrera v. Collins, 506 U.S. 390, 401 (1993). Rather, a state prisoner seeking habeas relief under Section 2254 must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petitioner bears the burden of proving, by a preponderance of the evidence, that his rights have been violated. Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997).

Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides in part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d)(1) (emphasis added).

As the Second Circuit noted in Jones v. Stinson, 229 F.3d 112, 119 (2d Cir. 2000), the Supreme Court has "construed the amended statute so as to give independent meaning to 'contrary [to]' and 'unreasonable.'" "Under the 'contrary to' clause, a federal

habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Under the "unreasonable application" clause, a federal habeas court should "ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. This standard does not require that reasonable jurists would all agree that the state court was wrong. Id. at 409-10. Rather, the standard "falls somewhere between 'merely erroneous and unreasonable to all reasonable jurists.'" Stinson, 229 F.3d at 119 (quoting Francis S. v. Stone, 221 F.3d 100, 109 (2d Cir. 2000)).

Section 2254(d)(2) further authorizes the federal courts to grant a habeas writ when a claim considered on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Finally, to the extent that a habeas petition challenges factual findings, Section 2254(e)(1) provides that "a determination of a factual issue by a State court shall be presumed to be correct" and that "[t]he [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

"If, after carefully weighing all the reasons for accepting a state court's judgment, a federal court is convinced that a prisoner's custody . . . violates the

Constitution, that independent judgment should prevail." Williams v. Taylor, 529 U.S. at 389. As discussed below, because Montes has failed to show that his conviction resulted from such constitutionally infirm proceedings in state court, he is not entitled to federal habeas relief. (Id.).

B.     Ineffective Assistance of Counsel

In Hill v. Lockhart, 474 U.S. 52, 57 (1985), the Supreme Court held that an ineffective assistance of counsel claim arising out of a guilty plea must be decided on the basis of the generic ineffective assistance of counsel standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). Accordingly, to prevail a petitioner first must show that his counsel's performance "fell below an objective standard of reasonableness." Hill, 474 U.S. at 57 (internal citation and quotation marks omitted). Second, the petitioner must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

C.     Merits

1.     Montes' HIV Status

Montes alleges that he informed Mr. Rauch prior to his plea that he was HIV-positive, hoping that counsel would inform the court and that this would result in a more favorable sentence. (See Montes' Appeal Br. at 9). He argues that his attorney's failure to argue for a lesser sentence in light of this medical condition is an example of the ineffective assistance he received. (Id.).

Under New York law, a court may dismiss an indictment in the interest of justice in compelling circumstances. See N.Y. Crim. Proc. L. § 210.40 (McKinney 2005). Indeed, the Appellate Division, First Department, has held that a trial judge exercised his discretion properly under that provision when an HIV-positive defendant who was before him was "thin as a rail" and could barely stand, the offense charged grew out of the defendant's need to feed his habit, and he had not engaged in other crimes for nearly three years. People v. Lawson, 603 N.Y.S.2d 311, 312 (1st Dep't 1993). Here, by comparison, the record does not suggest that Montes was in such a severely debilitated state at the time of his sentencing, and he was a violent predicate felon. Accordingly, there was no basis for the dismissal of his indictment.

Moreover, as Justice Berkman carefully explained at the time of Montes' guilty plea, Montes faced a mandatory minimum sentence of six to twelve years if he was convicted of first degree robbery after a trial. The agreed sentence of five to ten years that the court actually imposed therefore represented a reduction from the sentence he otherwise faced. Since there has been no showing that such a sentence was unjust in light of his medical condition, Montes has not established that Mr. Rauch's failure to seek a further reduction rose to the level of a Sixth Amendment violation. See Hampton v. Herbert, 99 Civ. 7281 (NG), 2002 WL 1751402, at *8 (E.D.N.Y. July 24, 2002) (quoting People v. Chrzanowski, 538 N.Y.S.2d 55, 55 (2d Dep't 1989) (a "defendant's affliction with the HIV virus, a precursor of the acquired immune deficiency syndrome, does not by

itself warrant the reduction of an otherwise appropriate sentence"). Montes also has not shown, as he must, that he would have persisted in his not guilty plea and insisted on a trial had he known that his counsel would not raise his medical condition at sentencing as part of a pitch for further leniency.

This branch of Montes' ineffective assistance claim is therefore meritless.

2. Montes' Denial of Guilt

The Probation Department apparently reported to Justice Berkman prior to sentencing that Montes had denied his guilty during a presentence interview. (See Stettin Decl. Ex. C at 2). At the sentencing hearing, after Montes advised the Court Clerk that he had nothing to say before sentence was imposed, Justice Berkman flagged this issue although she also noted that there was no indication in the report that Montes wanted "his plea back." (Id. at 2). In response, Mr. Rauch advised the Justice, "We are ready to proceed, judge." (Id.). The following colloquy then ensued:

| | |
|---|---|
| THE COURT: | He doesn't want his plea back I take it? |
| MR. RAUCH: | No. |
| THE COURT: | Okay, and anything you want to say to me before you're sentenced? |
| THE DEFENDANT: | <u>I said I am ready for sentence.</u> |

Id. at 3 (emphasis added).

On the basis of this record, Justice Berkman evidently concluded that

Montes was not contesting the factual basis for his plea. Moreover, to the extent that this issue could be addressed on the basis of the trial record, the Appellate Division found that Montes had received effective assistance from Mr. Rauch. Montes nevertheless seeks to challenge his plea on the theory that his attorney failed to inquire adequately about his desire to contest his guilt and go to trial.

There are several reasons why Montes is not entitled to habeas relief based upon his statements to the Probation Department. First, before he denied his guilt during his presentence interview, Montes had told Justice Berkman in open court that he was, in fact, guilty. Such statements "carry a strong presumption of verity . . . and are generally treated as conclusive in the face of the defendant's later attempt to contradict them." Adames v. United States, 171 F.3d 728, 732 (2d Cir. 1999) (citations and internal quotation marks omitted). Here, Montes was given two opportunities to address Justice Berkman prior to sentencing, but never indicated that he wished to take back his plea or that Mr. Rauch's representations concerning his wishes were inaccurate in any respect.

Second, since Justice Berkman proceeded to impose sentence, it is apparent that she concluded that Montes was not seeking to withdraw his plea, and his conviction subsequently was affirmed on appeal despite his ineffectiveness claim. The state court's determination that Montes was not seeking to withdraw his plea must be presumed correct in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Montes has made no such showing here.

Finally, in order to prevail, Montes must establish that he would have persevered in his protestations of innocence but for Mr. Rauch's alleged failure to inquire as to his wishes. Suffice it to say, the record which was before the state courts is insufficient to establish – much less suggest – that this is so.

## IV. Conclusion

For the foregoing reasons, the Court should deny Montes's habeas petition. Additionally, a certificate of appealability should not issue because Montes has failed to make the substantial showing of the denial of a constitutional right required by 28 U.S.C. § 2253(c)(2).

## V. Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties are hereby directed that if they have any objections to this Report and Recommendation, they must, within ten (10) days from today, make them in writing, file them with the Clerk of the Court, and send copies to the chambers of the Honorable Laura T. Swain, United States District Judge, and to the chambers of the undersigned, at the United States Courthouse, 500 Pearl Street, New York, NY 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Swain. The failure to file timely objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b).

Dated:    New York, New York
          November 29, 2005

                              FRANK MAAS
                       United States Magistrate Judge

Copies to:

Hon. Laura Taylor Swain
United States District Judge

Radames Montes, #98-A-6005
Auburn Correctional Facility
Post Office Box 618
Auburn, New York 13021

Brian Stettin, Esq.
Office of the Attorney General
120 Broadway
New York, New York 10271